```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
                -v-                                               :      16-CR-377 (PAE)
                                                                  :
JOHN AFRIYIE,                                                     :      OPINION & ORDER
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

On December 17, 2017, the Court entered an order of restitution in this insider-trading and wire-fraud case in the amount of $663,028.92, in favor of defendant John Afriyie's former employer, MSD Capital, L.P. ("MSD"). Dkt. 177. On July 8, 2019, the Second Circuit affirmed Afriyie's conviction and sentence, but remanded for recalculation of the restitution order, in light of the Supreme Court's intervening decision in *Lagos v. United States*, 138 S. Ct. 1684 (2018), setting out the categories of fees recoverable under the Mandatory Victims Restitution Act ("MVRA"). *See United States v. Afriyie*, 929 F.3d 63, 74 (2d Cir. 2019).

On December 20, 2019, the Court received a proposed amended order of restitution from the Government, which, in light of *Lagos*, reduced to $511,368.92 the amount of restitution sought. *See* Dkt. 183 (letter); Dkt. 183-1 (proposed order of restitution); Dkt. 183-2 (letter from MSD seeking restitution and supplying backup including redacted attorney timesheets) ("MSD Ltr."). On January 3, 2020, the Court received a letter from Afriyie, opposing the award of any restitution. Dkt. 187. On January 24, 2020, the Court received a letter reply from the Government, in further support of its request. Dkt. 188 ("G. Mem.").

The Court has closely reviewed the proposed order of restitution, MSR's submission and documentation in support of that order, and the parties' memoranda of law. The Court approves

the proposed amended restitution order and will enter it on the docket of this case, along with an amended judgment consistent with it.

In brief, the amended restitution order reflects scrupulous compliance with the principles announced in *Lagos*.[1]  The MVRA requires defendants convicted of a listed range of offenses, including securities fraud and wire fraud, to "reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4).  Courts have recognized that such "other expenses" include attorneys' fees that a "victim was required to incur to advance the investigation or prosecution of the offense." *United States v. Maynard*, 743 F.3d 374, 381 (2d Cir. 2014).  At issue in *Lagos* was whether, in the MVRA, "the words 'investigation' and 'proceedings' are limited to government investigations and criminal proceedings, or whether they include private investigations and civil proceedings." *Lagos*, 138 S. Ct. at 1687.  Largely based on a close textual reading of the statute, the Supreme Court unanimously held the former, ruling that "the words 'investigation' and 'proceedings' are limited to government investigations and criminal proceedings." *Id.*

In light of *Lagos*, MSD has reduced the amount of the restitution it seeks.  In particular, it has excised from the restitution request previously approved by the Court "all legal fees incurred by MSD for external counsel's work on MSD's private investigation concerning Mr. Afriyie, and on responding to subpoenas and requests from Mr. Afriyie between March 2016 and January

---

[1] The Court—having previously extensively addressed the issue and proper amount of restitution in this case, and having set restitution based on the pre-*Lagos* case law, *see* Dkt. 151 (sentencing transcript) at 45–51; Dkt. 178 (order resolving post-sentencing dispute regarding restitution amount)—here addresses only changes to the earlier restitution order necessitated by *Lagos*.

2

2017." MSD Ltr. at 1. This excision eliminated $151,660 from the earlier restitution order.[2]
The balance ($511,368.92) all consists, MSD represents, of fees and expenses incurred in connection with these three categories of work:

> (1) responding to subpoenas and requests from the U.S. Attorney's Office ("USAO") and the U.S. Securities and Exchange Commission ("SEC") between March 2016 and January 2017 ("Category 1");
>
> (2) preparing MSD witnesses to testify at trial, between November 2016 and January 2017 ("Category 2"); and
>
> (3) representing MSD in connection with post-verdict restitution proceedings, between February and March 2017 ("Category 3").

MSD Ltr. at 2.

The Court has reviewed the voluminous time-entry details and disbursements contained in MSD's letter in support of the amended restitution order. *See id.* App'x B (107 pages of counsel's invoices). This review confirms the accuracy of MSD's representation that the work for which its amended restitution order seeks recompense falls into the above three categories.

Restitution for fees and expenses incurred in each of these three categories is consistent with the MVRA as construed in *Lagos*.

As to Category 1, work responding to subpoenas and information requests from the USAO responsible for the defendant's prosecution falls squarely within the ambit of *Lagos*. *See*

---

[2] Prior to issuing this decision, the Court reached out to counsel for the Government and for Mr. Afriyie to note an apparent math error in MSD's letter. The letter stated that MSD had reduced by $104,868.75 the amount of restitution it seeks, but the amount of restitution MSD now seeks ($511,368.92) is actually $151,660 less than the amount in the earlier restitution order. *See* MSD Ltr. at 1–2. Government counsel confirmed that the $104,868.75 figure was in error, and that MSD had in fact reduced its request by $151,660. Defense counsel, in turn, filed a letter on the docket, arguing that MSD's error demonstrated that district courts "should not be simply getting into the business of going through lengthy invoices to determine what 'expense' is 'necessary'" under the MVRA and "ha[ve] more productive ways of using [their] valuable time." Dkt. 189 at 2. With respect to defense counsel's argument, the MVRA itself obliges a district court to tabulate restitution. The Court is not at liberty to shirk that duty.

3

*United States v. Napout*, 2018 WL 6106702, at *4 (E.D.N.Y. Nov. 20, 2018) (restitution appropriate for "expenses incurred for investigatory activities that the government expressly and specifically invited or requested" (internal quotation marks omitted)); *United States v. Chan*, 2019 WL 3975579, at *5–6 (D. Mass. Aug. 22, 2019) (restitution appropriate for work "physically compiling and producing the documents" sought by Government and performed by non-attorneys and work "performed by attorneys in reviewing these documents, negotiating with the government, and redacting information from disclosure" in response to government document demands).

To be sure, as Afriyie notes, *Lagos* did not raise, and the Court there did not address, whether restitution would be permissible under the MVRA for victim expenses incurred in responding to investigations uniquely conducted by the SEC. In this case, however, the record—corroborated by MSD's voluminous invoices—reflects that the USAO and SEC investigations were parallel, coextensive, and symbiotic. As the Government summarizes, these investigations occurred over the same time period, and entailed document requests to MSD that were nearly the same in subject matter and scope. And MSD's outside counsel generally made simultaneous and identical productions to the USAO and the SEC. G. Mem. at 5. Further, the SEC produced the documents it had obtained from MSD to the USAO; these documents were then produced to Afriyie in Rule 16 discovery. *Id*. The Government further represents—and the Court's review of MSD's extensive invoices confirms—that MSD did not incur, and that the amended order of restitution does not seek, SEC-related expenses predating MSD's involvement in the USAO investigation. *Id*. Accordingly, in the particular circumstances here involving a parallel and interrelated SEC investigation, MSD's provision of discovery to the SEC alongside the USAO does not require a reduction in the restitution order.

As to Category 2, the expenses MSD incurred preparing witnesses to testify at Afriyie's trial was undisputedly done at the invitation of the USAO, which conducted the prosecution. As such, these expenses were also squarely within the ambit of *Lagos*. *See Napout*, 2018 WL 6106702, at *4 (approving restitution award where "[t]here is no dispute that [the employees were] called as . . . witness[es] at the government's request").

Finally, as to Category 3, *Lagos* does not bear upon the expenses at issue: those incurred "representing MSD in connection with post-verdict restitution proceedings, between February and March 2017." But the two courts to address such expenses, post-*Lagos*, like this Court pre-*Lagos*, have held them compensable under the MVRA. *See Napout*, 2018 WL 6106702, at *4 ("legal fees incurred by FIFA to prepare its restitution request were necessary to its attend[ance] [at] th[e] post-verdict restitution proceeding (for which the Court permitted briefing and ordered certain disclosures of billing records), thus making them recoverable under the [MVRA]" (internal quotation marks and citations omitted)); *Chan*, 2019 WL 3975579, at *8 (allowing restitution for certain expenses incurred in seeking restitution). The Court is unaware of contrary authority. And insofar as the determination of restitution is a component of the sentencing phase of a federal criminal trial, the fees and expenses a victim incurs to participate in the process of setting restitution textually qualify as "expenses incurred during participation in the investigation or prosecution of the offense." 18 U.S.C. § 3663A(b)(4).

## CONCLUSION

For the reasons stated above, the Court approves a restitution order for MSD Capital, L.P., defendant Afriyie's employer and the victim of his insider-trading and wire-fraud offenses, in the amount of $511,368.92. An amended order of restitution, and an amended judgment, consistent with this order, will issue shortly.

5

SO ORDERED.

Dated: February 11, 2020
New York, New York

PAUL A. ENGELMAYER
United States District Judge