AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Southern District of New York |
|---|---|---|

| Name *(under which you were convicted)*: John Afriyie | Docket or Case No.: 16CR377 |
|---|---|

| Place of Confinement: N/A | Prisoner No.: N/A |
|---|---|

| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* |
|---|---|
| V.    John Afriyie | |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    U.S. District Court for the Southern District of New York, 500 Pearl Street, New York, NY

    (b) Criminal docket or case number (if you know): _16CR377_

2.  (a) Date of the judgment of conviction (if you know): _7/28/2017_

    (b) Date of sentencing: _7/26/2017_

3.  Length of sentence: _45 months imprisonment; three years supervised release._

4.  Nature of crime (all counts):

    Securities Fraud (one count), Wire Fraud (one count)

5.  (a) What was your plea?  (Check one)
    (1)  Not guilty [✓]          (2)  Guilty [ ]          (3)  Nolo contendere (no contest) [ ]

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

    N/A

6.  If you went to trial, what kind of trial did you have?  (Check one)     Jury [✓]     Judge only [ ]

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes [ ]     No [✓]

AO 243 (Rev. 09/17)

8.  Did you appeal from the judgment of conviction?  Yes ✓  No ☐

9.  If you did appeal, answer the following:

    (a) Name of court:  Second Circuit Court of Appeals

    (b) Docket or case number (if you know):  17-2444

    (c) Result:  Conviction affirmed; sentence vacated in part for recalculation of restitution

    (d) Date of result (if you know):  7/8/2019

    (e) Citation to the case (if you know):  929 F.3d 63

    (f) Grounds raised:

    (1) The trial court's fiduciary duty instruction was erroneous; (2) The trial court erred in its instruction on good faith; (3) The district court improperly admitted certain testimony from the managing director of MSD Capital; (4) The district court improperly calculated the loss for Sentencing Guideline purposes; (5) The government violated petitioner's due process rights by threatening to seek a perjury enhancement if he testified at the forfeiture trial; (6) The appreciation of petitioner's TDA account did not constitute forfeitable proceeds; (7) The award of restitution to MSD violated Lagos v. United States

    (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ✓  No ☐

        If "Yes," answer the following:

        (1) Docket or case number (if you know):  19-7259

        (2) Result:  Certiorari Denied

        (3) Date of result (if you know):  2/24/2020

        (4) Citation to the case (if you know):  140 S. Ct. 1228

        (5) Grounds raised:

        (1) Whether criminal forfeiture should be limited to convicted conduct; (2) Whether Apprendi is applicable to forfeiture proceedings.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

    Yes ☐  No ✓

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

AO 243 (Rev. 09/17)

(4)   Nature of the proceeding: _____

(5)   Grounds raised:

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

      Yes ☐     No ☐

(7)   Result: _____

(8)   Date of result (if you know): _____

(b)   If you filed any second motion, petition, or application, give the same information:

(1)   Name of court: _____

(2)   Docket of case number (if you know): _____

(3)   Date of filing (if you know): _____

(4)   Nature of the proceeding: _____

(5)   Grounds raised:

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

      Yes ☐     No ☐

(7)   Result: _____

(8)   Date of result (if you know): _____

(c)   Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)   First petition:       Yes ☐     No ☐

(2)   Second petition:   Yes ☐     No ☐

(d)   If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Ineffective Assistance of Counsel

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

At trial, the government sought to prove that petitioner knew that the information he allegedly used to trade stocks was confidential, and that he knew he had a fiduciary duty with respect to that information, by introducing a confidentiality agreement allegedly signed by him.  In fact, as confirmed by an expert forensic document examiner, the signature on that agreement is not his.  Indeed, there are obvious differences, apparent even to a layperson, between the signature on the agreement and other, genuine signatures of petitioner that appear on other employment documents that were executed at approximately the same time.

Petitioner brought this issue to the attention of his trial counsel, who was sufficiently aware of it to have made relevant discovery requests; however, counsel did not obtain a forensic analysis of the document and did not present evidence to the jury showing that the purported signature was forged.  This prejudiced petitioner because the confidentiality agreement was a key part of the government's proof of scienter.  It was one of only three documents the jury requested during deliberations, and on appeal, the Second Circuit cited the agreement and observed that "Afriyie presented no evidence to counter [it]" in deeming a claimed instructional error harmless.

Also, upon information and belief, the ADT/XPO potential restriction email offered in evidence at trial was also not genuine, and counsel failed to obtain the original file/metadata through which this could have been proven.

(b)  **Direct Appeal of Ground One:**   Petitioner will present additional documents, including but not limited to the forensic analysis and a memorandum of law, in support of this claim.

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐         No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

This ground sounds in ineffective assistance of counsel and may therefore be raised for the first time in a Section 2255 proceeding.  See Massaro v. United States, 538 U.S. 500 (2003).

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐         No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐         No ☐

AO 243 (Rev. 09/17)

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):


(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:


**GROUND TWO:**   Suppression of Brady/Giglio Material

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

As detailed in Ground One, a copy of a confidentialty agreement purportedly containing petitioner's signature was provided to him during pretrial discovery, but the signature on the copy was not in fact his.  As such, upon information and belief, there exists an original of the confidentiality agreement which is unsigned and/or bears unmistakable evidence of tampering.  Despite a request for the original document being made prior to trial, the government did not obtain or produce it.  Petitioner submits that possession of this document must be imputed to the government by reason of, inter alia, MSD being an integral part of the prosecution team, or alternatively that the government had a constitutional obligation to obtain this document after being put on specific notice of its existence; and that the original document is favorable and material to the defense because it would have proven that the copy of the agreement introduced into evidence at trial was not genuine and/or impeached the testimony of prosecution witnesses based on that agreement.

Likewise, upon information and belief, the ADT/XPO potential restriction email offered in evidence at trial is not genuine and, upon information and belief, the original file/metadata will demonstrate this when subjected to forensic analysis, and failure to produce such data violated Brady/Giglio for the reasons set forth above.

(b)  **Direct Appeal of Ground Two:**     As with Ground One, petitioner will  submit additional documents in support of this claim.

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☑

AO 243 (Rev. 09/17)

(2)   If you did not raise this issue in your direct appeal, explain why:

This issue hinges upon documents that had been requested by petitioner but had not been provided to him at the time of trial, and which he could not have obtained via the exercise of due diligence.

(c) **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?
         Yes ☐      No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?
         Yes ☐      No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?
         Yes ☐      No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
         Yes ☐      No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** _____

_____

    (a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

    (b) **Direct Appeal of Ground Three:**

        (1)  If you appealed from the judgment of conviction, did you raise this issue?

            Yes ☐     No ☐

        (2)  If you did not raise this issue in your direct appeal, explain why:

    (c) **Post-Conviction Proceedings:**

        (1)  Did you raise this issue in any post-conviction motion, petition, or application?

            Yes ☐     No ☐

        (2)  If you answer to Question (c)(1) is "Yes," state:

        Type of motion or petition: _____

        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know): _____

        Date of the court's decision: _____

        Result (attach a copy of the court's opinion or order, if available):

        (3)  Did you receive a hearing on your motion, petition, or application?

            Yes ☐     No ☐

        (4)  Did you appeal from the denial of your motion, petition, or application?

            Yes ☐     No ☐

        (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

            Yes ☐     No ☐

AO 243 (Rev. 09/17)

(6)    If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)    If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** _____

(a)    Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)    **Direct Appeal of Ground Four:**

(1)    If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐       No ☐

(2)    If you did not raise this issue in your direct appeal, explain why:

(c)    **Post-Conviction Proceedings:**

(1)    Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐       No ☐

(2)    If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

    Yes ☐    No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

    Yes ☐    No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

    Yes ☐    No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue:

_____

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

The claims in this motion have not been previously presented in federal court because they either sound in ineffective assistance of counsel and may hence be raised for the first time in a Section 2255 motion (see Massaro v. United States, 538 U.S. 500 (2003)) or else hinge on documents and materials that were not provided to petitioner at the time of trial and could not have been obtained by him through the exercise of due diligence.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?          Yes ☑          No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

After the Second Circuit remanded for recalculation of restitution, this Court entered an amended order of restitution and an amended judgment on  July 2, 2020 which reduced the amount of restitution to $511,368.92. (Doc. 192, 193).  Petitioner timely appealed from the amended judgment (Doc. 194) and his appeal is pending in the Second Circuit under docket number 20-2269.  The pending appeal concerns restitution only and does not concern the trial or any other aspect of the sentence.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At the preliminary hearing:
N/A

(b)  At the arraignment and plea:
Amy Gallicchio, Esq., Federal Defenders of New York, 52 Duane Street, New York, NY 10007

(c)  At the trial:
Ezra Spilke, Esq., Law Offices of Ezra Spilke, PLLC, 315 Flatbush Ave., Ste. 512, Brooklyn, NY 11217

(d)  At sentencing:
Mitchell Dinnerstein, Esq., 20 Vesey Street, Suite 400, New York, NY 10007

(e)  On appeal:
Robert A. Culp, Esq., P.O. Box 590, Garrison, NY 10524

(f)  In any post-conviction proceeding:
N/A

(g)  On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ☑          No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b)  Give the date the other sentence was imposed:

(c)  Give the length of the other sentence:

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☐

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Petitioner's conviction became final on February 24, 2020, when the Supreme Court denied certiorari on his direct
appeal, and this petition is filed within one year of that date.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255,
paragraph 6, provides in part that:
A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run
from the latest of –
(1)   the date on which the judgment of conviction became final;
(2)   the date on which the impediment to making a motion created by governmental action in violation of
the Constitution or laws of the United States is removed, if the movant was prevented from making such a
motion by such governmental action;
(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has
been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
review; or
(4)   the date on which the facts supporting the claim or claims presented could have been discovered
through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

Vacate Conviction and Sentence

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.
(month, date, year)

Executed (signed) on ___2/19/21___ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.